# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:

Paul Sardinapaul Khoobiar
and
Doreen Danielson

Case No.

Chapter 13 Plan

Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $150 each month.

   Initial attorneys fees are requested in the amount of $4,600.   ☐ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. Sec. 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
|------|--------|--------|--------|--------|
| | | | | |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. Sec. 507.
   (d) On allowed general unsecured claims as follows:
   X  at a rate of _zero_ cents on the dollar. The estimated term of the plan is _31_ months. (Percentage Plan)
   __ the sum of $_____ payable over _____ months,distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| Name | Monthly Payment | Name | Monthly Payment |
|------|--------|--------|--------|
| Bank of America (long-term debt) | $100 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   __ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   X  revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose, pursuant to 11 U.S.C. Sec. 1322(b): The protections of 11 U.S.C. § 362 shall continue to apply to property of the estate as well as property of the estate during the pendency of this case. With regard to 660 Sunnyhill Dr, Turlock CA, the Debtors shall sell, refinance, or pursue loan modifications regarding Wells Fargo Home Mortgage and Chase - Equity Line, within six months of confirmation of this plan. Except upon further order of this court, the Chapter 13 Trustee shall make no disbursement on said claims. With regard to 4604 Providence Ln, Turlock CA, see attachment.

Dated: 4/17/09

Rev. 12/06

Debtor, Paul Sardinapaul Khoobiar

Debtor, Doreen Danielson

In re: PAUL SARDINAPAUL KHOOBIAR
DOREEN DANIELSON

ATTACHMENT TO CHAPTER 13 PLAN – Paragraph 7. Other provisions:

| | | |
|---|---|---|
| Re: | Address of Real Property: | 4604 Providence Ln, Turlock CA |
| | First Mortgage Lender: | Chase Home Finance |
| | Second Mortgage Lender: | None |
| | Third Mortgage Lender: | None |
| | Fair Market Value: | $ 340,000 |

1. Debtor declares under penalty of perjury that:
   a. Debtor resides at the above address;
   b. Said residence is a one-to-four unit dwelling;
   c. To the best of Debtor's knowledge, the unpaid principal on the first mortgage does not exceed $729,750 (for a one-unit dwelling);
   d. Said first mortgage was not previously modified and was originated before January 1, 2009;
   e. There has been a material change in the Debtor's finances since the granting of the first mortgage;
   f. The Debtor does not have sufficient liquid assets to pay the mortgage
   g. Debtor is delinquent on payments on the first mortgage or is "at risk of imminent default"; and
   h. Debtor's current loan payments (plus property expenses) exceed 31% of Debtor's gross income.

2. Satisfying the above requirements, Debtor qualifies for loan modification consideration pursuant to the MAKING HOME AFFORDABLE ("MHA") MODIFICATION PROGRAM as implemented by the Obama Administration Treasury Department on March 4, 2009, with rules and procedures set forth on financialstability.gov.

3. Having qualified for a MHA modification, Debtor hereby requests the above listed first mortgage lender to offer a loan modification under the terms of the MHA modification program which provides for monthly loan payments (plus) in the amount of 31% of Debtor's gross income: (31% of $ 4,000 ) equals $ 1,240 per month minus ($ 350 real property taxes and $ 154 real property insurance and $ 0 association dues), which equals $ 736 (hereafter "reduced loan payment"). After 5 yrs of payments, the reduced loan payment will increase to 3% and $ 855 for 1 yr; then 4% and $ 980 for 1 yr; then to appx 5% and $ 1,110 for the remainder of the loan. Debtor requests the first mortgage lender to notify Debtor and Debtor's bankruptcy counsel of the address to which the Debtor shall provide the documentation necessary for the lender to analyze the Debtor's financial situation and propose a MHA modification. First mortgage lender is also on notice of Schedules A, B, D, E, F, I and J filed herein. Debtor intends to file a motion approving any loan modification agreed to by the lender and the Debtor.

4. While said MHA modification is under consideration, Debtor shall pay to the first mortgage lender the reduced loan payment beginning in the month following the filing of this plan. No arrears on said first mortgage, if any are owed, shall be paid pursuant to this plan, except upon further order of this Court.

5. Based upon the above valuation, with regard to the junior mortgage lenders:
   a. the second mortgage lender is: None
      ___ wholly unsecured and Debtor intends to file a motion avoiding said lien. The Trustee shall disburse no money to said lender, except upon further order of this Court.
      ___ not wholly unsecured and the Debtor shall continue paying the regular monthly mortgage payments in the amount of $_____; and arrears in the amount of $_____, bearing no interest, with adequate protection payments of $10 shall be disbursed by the Trustee.
   b. the third mortgage lender is: None
      ___ wholly unsecured and Debtor intends to file a motion avoiding said lien. The Trustee shall disburse no money to said lender, except upon further order of this Court.
      ___ not wholly unsecured and the Debtor shall continue paying the regular monthly mortgage payments in the amount of $_____; and arrears in the amount of $_____, bearing no interest, with adequate protection payments of $10 shall be disbursed by the Trustee.

Dated: 4/17/2009

Debtor, PAUL SARDINAPAUL KHOOBIAR                    Debtor, DOREEN DANIELSON